IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SRIKANTH NARAMALA, and PRAVALLIKA AMULDALA,<br><br>              Plaintiffs,<br><br>   vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and LOREN K. MILLER, in their official capacity as Director of the Nebraska Service Center,<br><br>              Defendants. | **4:21CV3289**<br><br>**MEMORANDUM AND ORDER** |
| TARUN KUMAR CHAWDHURY, and MOUSUMI CHAWDHURY,<br><br>              Plaintiffs,<br><br>   vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and LOREN K. MILLER, their official capacity as Director of the Nebraska Service Center,<br><br>              Defendants. | **4:21CV3294**<br><br>**MEMORANDUM AND ORDER** |

       The Plaintiffs in both of the above-captioned cases have filed Motions for Temporary Restraining Order (Filing 4 in both cases) under the All Writs Act, 28 U.S.C. § 1651(a), "in order to maintain jurisdiction over Plaintiffs' claims after November 1, 2021" so that "Defendants' inaction, and the harms that inaction has

caused, can properly receive judicial oversight." Plaintiffs assert that due to Defendants' delay in adjudicating their Form I-485 Applications to Adjust Status filed one year ago and "the impending retrogression of visa numbers," Plaintiffs are at risk of losing their ability to adjust their status for an indefinite number of years. Plaintiffs claim that without an order preserving the court's jurisdiction over this matter, "this Court will lose the ability to redress Plaintiffs' harms . . . ." (Filing 4, at CM/ECF p. 2, in both cases.) The lawyers representing the above Plaintiffs filed substantially identical Motions for Temporary Restraining Orders in nine cases filed in this court on October 19 or 20, 2021.[1]

In the two cases assigned to me, Defendants have objected to Plaintiffs' Motions (Filing 15 in 4:21CV3289; Filing 18 in 4:21CV3294), and Plaintiffs have replied to Defendants' objections (Filing 16 in 4:21CV3289; Filing 19 in 4:21CV3294).

On October 21, 2021, United States District Judge for the District of Nebraska John M. Gerrard issued a Memorandum and Order addressing the Motion for Temporary Restraining Order in one of these nine cases. *Marneni v. U.S. Citizenship & Immigration Svs.*, No. 4:21CV3291 (D. Neb.) (Filing 9).[2] After careful review of the parties' submissions and of Judge Gerrard's thorough opinion, I will deny Plaintiffs' Motions for Temporary Restraining Order because Plaintiffs have failed to establish the factors set forth in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Specifically:

---

[1] See Case Nos. 4:21CV3287, 4:21CV3288, 4:21CV3289, 4:21CV3290, 4:21CV3291, 4:21CV3292, 4:21CV3293, 4:21CV3294, and 4:21CV3295. These cases were distributed among four different judges.

[2] *Marneni* contained a Complaint that is substantively similar to the Complaints in the cases now before me (except for names, dates, and personal details about the plaintiffs' individual circumstances).

1.      It is not probable that Plaintiffs will succeed on the merits because the decision to issue a green card is discretionary and is insulated from the court's review by the Immigration and Naturalization Act and the Administrative Procedure Act. *Marneni*, No. 4:21CV3291, Filing 9, at CM/ECF p. 3; *Bansal v. U.S. Citizenship and Immigration Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *5-6 (D. Neb. Oct. 5, 2021). Further, even if the court had jurisdiction to consider this claim, it is not likely that Plaintiffs would succeed in showing unreasonable agency delay. *Marneni*, No. 4:21CV3291, Filing 9, at CM/ECF p. 4; *Bansal*, 2021 WL 4553017, at *9.

2.      There is no threat of irreparable harm to Plaintiffs because the Plaintiffs have not shown that at the end of October 2021 their status will be affected. Rather, "[t]he materials before the Court indicate that new applicants with priority dates in the retrogressed period won't be allowed to get in line for adjustment of status, but nothing before the Court demonstrates that the plaintiffs will be kicked out of the line they're already in." *Marneni*, No. 4:21CV3291, Filing 9, at CM/ECF pp. 4-6 ("the plaintiffs . . . do not direct the Court to any other evidence, law, or regulation clearly discussing retrogression's effect on pending applications").

3.      The public interest weighs against the court's interference because Plaintiffs are

> essentially asking the Court to permit them to have their cases treated differently from thousands of other similarly situated applicants because they decided to sue. It's difficult to even imagine, however, the disruptive effect on the courts and the immigration system of permitting litigious plaintiffs to reserve visas or "cut in line" ahead of other applicants, because *every* potential immigrant would have to protectively become a litigant. In the absence of any showing that *these plaintiffs* are distinguishable from any other hopeful immigrants in the admittedly regrettable backlog of applications, then the Court cannot help but conclude that the public interest would be ill-served by *ad hoc* judicial intervention.

3

*Marneni*, No. 4:21CV3291, Filing 9, at CM/ECF p. 7.

Accordingly,

IT IS ORDERED that Plaintiffs' Motions for Temporary Restraining Order (Filing 4 in 4:21CV3289; Filing 4 in 4:21CV3294) are denied.

DATED this 29th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge